UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:07-CR-32 PS |
| | ) | |
| | ) | |
| KELAND BRYANT GARNER | ) | |

**OPINION AND ORDER**

This opinion provides the basis for the Court's July 26, 2007 bench ruling denying Defendant's motion to suppress [DE 18]. Garner sought to suppress drugs and guns that were found in searches conducted on 1310 Hoffman Street in Hammond and 5660 Hayes Street in Merrillville. Because both searches were conducted pursuant to warrants that were supported by probable cause, Garner's motion to suppress is DENIED.

**FACTUAL BACKGROUND**

**A. Search of 1310 Hoffman Street**

On November 8, 2006 at 11:40 a.m., Hammond City Court Judge Jeffrey Harkin signed a search warrant for the residence at 1310 Hoffman Street in Hammond. [DE 23-3 at 1.] The search warrant was based on the affidavit of Shaun Ford of the Hammond Police Department. [*Id*. at 2-4.] The affidavit reveals that Detective Ford was assigned to the Special Deployment Division of the Hammond Police Department as a narcotics officer, investigating illegal narcotics trafficking and sales.

According to the affidavit, earlier that morning, Ford responded to a call to 1310 Hoffman Street by a woman named Diana who reported that she found a machine gun and drugs belonging to Keland B. Garner in the residence. When he arrived, he spoke with Diana

Villarreal, who stated that she owned the house but allowed her daughter, Monica Gonzalez, to stay there with her children as long as she paid the mortgage and utilities. Villareal said that Monica was not supposed to allow her boyfriend, whom she believed was named Keland Garner, to stay in the house. Villareal stated that Garner drove a green Lincoln Towncar. Villareal stated that she had heard that Garner had recently been released from prison for selling drugs, that he belonged to a gang, and that he was involved in a murder in East Chicago. Villareal stated that she regularly visited the house to make repairs and check on things.

Villareal said that she came to the house that morning to fix a window that had been broken when Garner and her daughter had gotten into an argument. When she opened a dresser drawer that usually contained some of her tools, she observed a clip that contained several rifle bullets, two handguns, two baggies containing white rocks, a digital scale, and a lot of empty baggies. She said she handled the baggies to ask a boy who was with her in the house, Hector Martinez, what they were. She said she then put the drugs back in the drawer and called 911. She identified the drugs and weapons as being located in the second dresser drawer of the northeast bedroom of the home. At Detective Ford's request, she signed a consent to search form allowing the officers to search the entire residence. [DE 23-3.]

Ford also spoke with Martinez, who was apparently a 15 year-old boy. Martinez told Ford that he saw the guns and two bags of what he believed to be crack cocaine in the dresser drawer. Martinez also told Officer Orr that he saw an AK-47 rifle in the bedroom closet.

Ford then spoke with Detectives Velez and Hernandez of the East Chicago Police Department. The detectives told Ford that they knew a Keland Garner who drove a green Lincoln and was known by the street name of "Kane." They stated that Garner was a suspect in

2

a triple homicide investigation related to narcotics sales in East Chicago. The detectives had come to the scene in case one of the weapons recovered from the property was the one used in the homicide.

Ford then reviewed the criminal records of Keland Bryant Garner and learned that Garner was a convicted felon who had been convicted of dealing in sawed off shotguns and spent three years in prison beginning on January 30, 2003. He was also convicted of felony dealing in marijuana, and felony criminal recklessness.

Ford concluded that Villarreal was a truthful and credible witness because she spoke of facts she personally observed. She also made statements that could have incriminated her daughter. Ford found that Villarreal's information was verified by her knowing Garner's name and what kind of car he drove, which matched the account of the East Chicago police. Her statement that Garner had just gotten out of prison matched Garner's criminal history. The East Chicago detectives also showed a photo of Garner to Villarreal and Monica Gonzalez, who confirmed that Garner was staying at 1310 Hoffman Street. On the basis of these facts, Ford concluded that probable cause existed to search 1310 Hoffman Street. Judge Harkin agreed.

The search was executed at approximately noon on November 8, and the baggies, a pistol, a magazine containing 30 bullets,and a digital scale were recovered from the dresser drawers. [DE 18 at 4-5.] Two of the baggies contained white rocks that tested positive for cocaine. A loaded AK-47 assault rifle was found in the closet. Police also recovered an Indiana Department of Corrections ID card in the name of Keland B. Garner, along with mail and other documents bearing his name.

**B. Search of 5660 Hayes Street**

On February 13, 2007, three months after the search of 1310 Hoffman Street, Special Agent Mickey French of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) applied for a federal search warrant for 5660 Hayes Street, Apartment 2F, in Merrillville. [DE 23-4.] Only a portion of the facts contained in the warrant need be recounted here.

On February 8, 2007, police re-interviewed Villareal. She stated that her daughter, Monica, was now living with Garner at 5660 Hayes Street, Apartment 2F in Merrillville. She said that Garner had beaten Monica, and Monica feared for her life.

On the same day, police interviewed Monica by phone. Monica stated that the firearms and drugs seized from the Hoffman Street residence belonged to Keland Garner. She said that Garner also had a Glock .45 caliber pistol that he carried for protection when purchasing marijuana. She said that Garner forced her to purchase the gun for him at Deb's Guns in Hammond. Agent French obtained a copy of an ATF form that confirmed that Monica had purchased a Glock .45 caliber pistol from Deb's Guns on January 14, 2007. Monica stated that the pistol and ammunition were located in the bedroom closet of the 5660 Hayes Street apartment.

Magistrate Judge Andrew Rodovich signed the federal search warrant on February 13, 2007. The warrant was executed later that day. French reported that a Glock .45 caliber pistol was recovered from between the mattress and box springs of one of the beds. [DE 18.] Officers also found baggies containing crack cocaine and marijuana, a digital scale, and numerous papers with Keland Garner's name on them.

4

## II. DISCUSSION

Garner's motion to suppress was based on his assertion that Officers Orr and Moore searched 1310 Hoffman upon receiving the consent of Ms. Villareal, and only obtained a search warrant thereafter.  Garner contended that Villareal was a landlord who did not have the authority to allow the officers to enter or to consent to a search.  Garner also argued that the evidence from the search of the Hayes Street property should also be excluded, because probable cause for that search warrant was based on the fruits of the illegal search of the Hoffman Street residence.  However, at the hearing on the motion to suppress, Garner's attorney acknowledged that he could not demonstrate that the Hammond police officers searched the Hoffman Street home prior to obtaining a warrant.  Therefore, the only issue before the Court is whether probable cause supported the search warrant for 1310 Hoffman Street.

When, as in this case, the affidavit is the only source of probable cause presented to the judge for a search warrant, "the validity of the warrant rests solely on the strength of the affidavit."  *United States v. Peck*, 317 F.3d 754, 755 (7th Cir. 2003).  Probable cause exists when "based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime."  *Id*. at 756; *see also United States v. Sidwell*, 440 F.3d 865, 868 (7th Cir. 2006).  This Court, when reviewing the judge's finding of probable cause in the affidavit, accords the judge "great deference." *Illinois v. Gates*, 462 U.S. 213, 236 (1983).  Under this standard, this Court will only assess whether the judge had a "'substantial basis for . . . conclud[ing]' that probable cause existed." *Id.* at 238 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)).

5

In this case, considering the totality of the circumstances, Detective Ford's affidavit clearly establishes probable cause that a search of the Hoffman Street residence would reveal evidence of narcotics trafficking and unlawful possession of a firearm. Villareal, the primary informant, provided specific firsthand information about the drugs and weapons that she had seen inside the home. She also knew that her daughter's boyfriend, Keland Garner, was living in the house, that he had recently been released from jail, and that he drove a green Lincoln.

Villareal's statement was corroborated by a review of Garner's criminal record and confirmation from East Chicago police that Garner drove a green Lincoln. In addition, the statement of a second witness, Hector Martinez, closely tracked Villareal's statement with respect to the location and description of the drugs and pistol. Martinez also informed police that he had seen an assault rifle in a bedroom closet. Ford also knew from Garner's criminal history that he was a felon who had been convicted for drugs and weapons crimes in the past. The totality of these circumstances clearly demonstrates that probable cause supports the search warrant of the Hoffman Street property.

Having determined that there was probable cause to search 1310 Hoffman, the Court finds no merit in Defendant's assertion that the search of the Hayes Street residence was unlawful. In any event, probable cause existed independently of the narcotics and weapons found in the search of the Hoffman Street residence. The French affidavit indicates that Monica Gonzalez admitted that Garner had forced her to buy a Glock .45 caliber pistol at Deb's Guns in Hammond so that he could carry it for his own protection. Her statement was corroborated by ATF records confirming that Monica had indeed purchased a Glock .45 at Deb's Guns in January 2007. Monica's statement was all the more credible because it was made against her

6

own interest, since she could have been prosecuted for her role as an accomplice to the acquisition of a firearm.  The information that police obtained from Monica was not dependent upon the search of 1310 Hoffman, since it was Villarreal's statement, and not the ultimate discovery of the weapons and drugs, that put the police on notice that Monica may have information about Garner's criminal activity.  Therefore, probable cause existed for the Hayes Street search warrant independent of the fruits of the Hoffman Street search.

Finally, we note that even if the warrant were insufficient, the officers were acting in good faith when they executed the search warrants on the Hoffman and Hayes properties.  Suppression of evidence obtained with a faulty warrant is only appropriate "if the officer lacked good faith in relying on an invalidated search warrant." *Sidwell*, 440 F.3d at 869 (citing *United States v. Leon*, 468 U.S. 897, 920-22 (1984)).  A decision to seek a warrant is prima facie evidence that a police officer was acting in good faith. *Sidwell*, 440 F.3d at 869.  In order to rebut this prima facie evidence, a defendant must either 1) establish that the issuer of the warrant "wholly abandoned his judicial role" or 2) demonstrate that the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id*. at 869-70 (internal quotations and citations omitted).  Defendant has not made any showing in this regard.  Therefore, even if the affidavits in this case do fall short of providing the necessary details to establish probable cause, it is not plainly deficient on its face.

## III. CONCLUSION

For the foregoing reasons, Defendant Keland Bryant Garner's Motion to Suppress [DE 18] is hereby **DENIED**.  All dates in this matter are hereby **REAFFIRMED**.

**SO ORDERED.**

ENTERED: August 16, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
