UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:07-CR-32 PPS |
| | ) | |
| KELAND BRYANT GARNER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Keland Garner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [DE 104.] Garner challenges his sentence on the following grounds: (1) his right to assist and aid in his defense was violated, (2) he suffered from cruel and unusual punishment, (3) ineffective assistance of counsel, and (4) abuse of authority. [DE 104, at 4-8.] Garner pled guilty in this case and his plea agreement contained a waiver of his rights to file a § 2255 petition. Because his plea was made knowingly and voluntarily and he does not allege facts to show ineffective assistance of counsel in negotiating the waiver, Garner's motion is denied.

## Background

Garner was charged with two counts of felon in possession of a firearm, one count of use of a firearm in furtherance of a drug trafficking crime, two counts of possession with intent to distribute five or more grams of crack, and one count of distribution of a quantity of crack. [DE 34.] Garner entered into a plea agreement with the government, where he pled guilty to one of the crack distribution counts and the government dismissed the remaining counts. [DE 55.] In

1

the agreement, Garner states:

> I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

[DE 53, at 5.] Garner's written plea agreement contains an express waiver of his right to file a § 2255 motion, stating:

> I understand that the law gives a convicted person the right to appeal a conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed and that the Court has jurisdiction and authority to impose any sentence within the maximum set for any offense as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence imposed or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

[DE 53, at 4.]

At the March 17, 2008 change of plea hearing, Garner indicated to me that he knowingly and voluntarily waived his rights to appeal and to collaterally attack his conviction and sentence. [DE 67, at 17-19.] Specifically, I advised Garner that his right to appeal and his right to collaterally attack his conviction were important rights, and then I asked him if he was giving those rights up knowingly and voluntarily. *Id.* He said that he was. *Id.* He added that no one forced him or coerced him in any way to give those rights up. *Id.* I also explained to Garner that, in light of the appeal waiver, if his sentence is higher than what he expects it to be, he still would be bound by the waiver. *Id.* No other promise or assurance was made to Garner other than those made in the plea agreement. *Id.* He also said that he was pleading guilty by his own

2

free will and that no one was forcing him to plead guilty. *Id*. Finally, Garner stated that he understood that if the sentence turned out to be higher than what his lawyer may have estimated, he would still be bound by his plea and would have no right to withdraw it. *Id*. at 21. The hearing was conducted in the presence of Garner's attorney. *Id*. at 5. I reserved acceptance of the plea agreement pending review of the presentence investigation report ("PSR").

The day before the sentencing hearing, Garner filed a motion for a sentence outside of the advisory sentence guidelines or in the alternative to withdraw his plea. At the sentencing, I described the PSR, where the Probation Department recommended that Garner be held accountable for knowingly and intentionally possessing with intent to distribute five grams or more of a mixture and substance containing crack cocaine. The PSR placed him at a base level of 28; two points were added for possession of a dangerous weapon; a chapter four enhancement was added because Garner had been convicted of at least two felony crimes of violence and/or controlled substance offenses and thus classified him as a career offender; two points were subtracted for acceptance of responsibility; and one point was subtracted at the request of the government. His total offense level was 34 with a with a criminal history category of VI. The guideline provisions provided for a sentence a guideline range of 262 to 327 months imprisonment.

Garner's attorney stated that although Garner understood the minimum and maximum sentences possible, Garner's plea should be withdrawn because he did not understand that the career offender enhancement would apply. And if the plea was not withdrawn, Garner should not be subjected to the career offender enhancement. Garner argued that the purpose of the career offender enhancement was to punish habitual offenders, and Garner's criminal history did

not indicate recidivism because the offenses resulting in the career offender designation were related. [DE 77, at 2-3.]

I disagreed, denying Garner's motion because he did not provide a reason to withdraw the plea agreement or to receive a sentence outside of the guideline range. I reviewed Garner's statements at his change of plea hearing, and concluded that Garner was clearly aware of the minimum and maximum sentences. Additionally, during the change of plea hearing, I made it clear to Garner that the guidelines were estimates for his sentence that were subject to change and he stated that he understood that. Thus, Garner provided no reason to withdraw his plea.

Then I concluded that the career offender enhancement was proper and thus that a guideline sentence was appropriate. First I considered his criminal history. I stated my belief that he is a serious career offender, noting that he's had two juvenile adjudications and six adult convictions, three of which involved controlled substances. And then I considered the offense he pled guilty to, which was also very serious because it involved dealing crack cocaine. I stated that a guideline sentence was appropriate, that the recommended sentence was at the low end of the guideline range, and that the sentence would provide a just punishment for the offense. Thus, Garner's motion for a sentence outside the advisory guidelines or to withdraw his plea was denied.

Having resolved that issue, I imposed a sentence of 262 months of imprisonment, which was at the low end of the guideline range. Garner filed a notice of appeal on October 10, 2008. [DE 85.] On June 23, 2009 the Seventh Circuit dismissed his appeal, and this motion under § 2255 followed. [DE 103.]

**Discussion**

A motion under § 2255 allows a federal prisoner "in custody . . . claiming a right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . ., or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 1. Relief under § 2255 is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

In the Seventh Circuit, only two claims under § 2255 are available to an individual who waived the right to appeal and his right to bring a collateral attack under § 2255: (1) that the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999); *see United States v. Rhodes*, 330 F.3d 949, 952 (7th Cir. 2003); *Mason v. United States*, 211 F.3d 1065, 1068 (7th Cir. 2000). A district court may deny a § 2255 motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

An evidentiary hearing is unnecessary here. Garner's motion provided a brief description of the four grounds he seeks relief under. To begin with, grounds 1, 2 and 4 of his Garner's petition are non-starters. In describing ground 1 – violation of his right to assist and aid in his defense – Garner states that he had filed a motion to be moved to a correctional center with access to the law library to aid in his defense. [DE 104, at 4.] He claims that his right to defend himself was violated because he did not have access to a law library. Ground 2 states that he was subjected to cruel and unusual punishment because I sentenced him to 262 months of

5

imprisonment, arguing that the career offender enhancement "over represent[s] the seriousness of the offence[sic]." [DE 104, at 6.] And Ground 4 alleges abuse of authority at his sentencing because I considered aggravating circumstances when imposing his sentence. [DE 104, at 8.] None of these grounds relate to the negotiation of the waiver or to the voluntariness of the plea. These grounds fall within the category of rights expressly waived as part of Garner's plea agreement:

> **I expressly waive my right to appeal or to contest my conviction and my sentence imposed or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel** unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

[DE 53, at 4.] Because these grounds relate to sentencing and not the negotiation of the waiver, those grounds are barred by the clear, unambiguous language of the plea agreement. *United States v. Rhodes*, 330 F.3d 949, 952 (7th Cir. 2003); *Mason v. United States*, 211 F.3d 1065, 1068 (7th Cir. 2000).

Ground 3 alleges ineffective assistance of counsel because his attorney did not inform him that he might receive a career offender enhancement in his sentencing. [DE 104, at 7.] As with the other grounds, Garner didn't explicitly allege in ground 3 that his plea agreement was not entered into knowingly or voluntarily, nor does he allege that he received ineffective assistance of counsel with respect to his negotiation of the waiver. But in the description of ground 3, Garner does say that if his attorney had told him that the career offender enhancement would increase his sentence, he would have let the trier of fact determine guilt or innocence. [DE 104, at 7-8.] Construed liberally, ground 3 may imply that his attorney's alleged failure to tell

6

him about the enhancement made his plea involuntary.

Courts have consistently held that "a voluntary and knowing waiver of an appeal is valid and must be enforced." *United States v. Rhodes*, 330 F.3d 949, 952 (7th Cir. 2003); *see also United States v. Sines*, 303 F.3d 793, 798 (7th Cir. 2002). A waiver is enforceable "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007) (citation omitted). Courts may consider a defendant's signature on the plea agreement and his statements during the plea colloquy as evidence of a knowing and voluntary waiver. *United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001).

Ground number 3 – to the extent that it can be liberally construed to be a claim that the plea was involuntary – fails because Garner's plea agreement and statements at his plea hearing indicate that he made his plea knowingly and voluntarily. As noted above, in his plea agreement he expressly stated that he understood the minimum and maximum possible sentences set forth in his plea agreement, and that he entered into his "plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement." [DE 53, at 3, 5.]

At the plea hearing, Garner reiterated that he signed the plea agreement knowingly and voluntarily, and that no one had forced him to do it. I advised Garner of the minimum and maximum penalties that he was facing, which he stated he understood. Also, I told him that his lawyer's prediction of what the guideline range would be was only an estimate, and that the ultimate sentence imposed upon him could higher than that, which Garner stated that he

understood as well. I also told him that the Guidelines are advisory and that I did not have to follow them although I did need to take them into account during sentencing. Finally, I told Garner that I had the authority to give a sentence that is higher or lower than the sentence that the Guidelines called for. He again acknowledged understanding all these things.

In sum, the language of the plea agreement and Garner's statements at his change of plea hearing indicate that Garner entered into the plea knowingly and voluntarily.

For the foregoing reasons, Garner's § 2255 motion is **DENIED** and **DISMISSED** with prejudice pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The clerk shall enter final judgment accordingly.

**SO ORDERED.**

Entered: March 19, 2010

s/ Philip P. Simon<br>
PHILIP P. SIMON, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT